**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6752**

───────────

THOMAS THOMPSON,

          Petitioner - Appellant,

     v.

WARDEN TYGER RIVER CORRECTIONAL INSTITUTION,

          Respondent - Appellee.

───────────

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Timothy M. Cain, District Judge.  (9:21-cv-00631-TMC)

───────────

Submitted:  February 21, 2023              Decided:  February 23, 2023

───────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Thomas Thompson, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Thompson seeks to appeal the district court's order on remand accepting the recommendation of the magistrate judge, construing Thompson's 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 petition, and denying relief on Thompson's petition. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Thompson that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Noting that Thompson failed to file objections to the magistrate judge's report, the district court accepted the magistrate judge's recommendation and dismissed the action. On appeal from that dismissal order, we concluded that Thompson had timely filed objections to the magistrate judge's report and recommendation and, without expressing any opinion as to the merits of Thompson's claims, vacated the district court's dismissal order and remanded to the district court for consideration of Thompson's objections. *See Thompson v. Warden of Tyger River Corr. Inst.*, No. 21-7582, 2022 WL 1619342, at *1 (4th Cir. May 23, 2022).

On remand, the district court found that Thompson failed to raise specific objections to the magistrate judge's report and accepted the magistrate judge's initial recommendation. Thompson, however, does not challenge the district court's ruling on the specificity of the objections on appeal.

The district court's order on remand is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional

2

right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Thompson's informal brief, we conclude that Thompson has not made the requisite showing.  *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  Accordingly, we deny a certificate of appealability, deny Thompson's motion to compel Respondent to produce parole records, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*